RUSSELL SALISBURY, Appellant, v. THE SCHOOL DISTRICT OF HIGHLAND TOWNSHIP, O'BRIEN COUNTY, IOWA.

**Schools:** MEASUREMENT OF SITE: *Construction of statute.* Under Code, section 1835, authorizing the condemnation for the location and construction of a school house of not more than one acre of land, and section 1826, requiring the site to be on some public highway, a school district is entitled to condemn a full acre of land exclusive of the highway.

*Appeal from O'Brien District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, APRIL 9, 1897.

ACTION to quiet title to certain land alleged to have been erroneously condemned for school purposes. Demurrer to defendant's answer was overruled, and the plaintiff failing to plead further, his petition was dismissed, and he appeals.—*Affirmed.*

*H. H. Crow* for appellant.

*Peck, Artherholt & Ingham* for appellee.

LADD, J.—The plaintiff became the owner of the southwest quarter of section 29, township 95, range 40, in O'Brien county, in 1888. A public highway had been established along the section lines south and west in 1877; and in 1887 an acre, exclusive of highways, in the southwest corner of said land, was condemned for the school purposes of the defendant. The statute provides that not exceeding one acre shall be taken by condemation proceedings for the location and construction of a school house. Code, section 1825. The question involved is whether, in setting apart this acre, it shall be so measured as to include the road to its center, as claimed by plaintiff, or be exclusive of the road, as contended by defendant. In other words, a strip of land two rods wide and sixteen rods one way and ten rods the other is in dispute. The thirty-three feet to the center of the highway had already been condemned to the public use, and the defendant can only use it for the purpose of ingress and egress in common with the public. The site must be on some public highway. Code, section 1826. This means that it must be on the line of the road, so as to facilitate the use of the school property. It may be presumed that any interference with the owner's use of the road was taken into consideration in assessing the damages. The title acquired is for school purposes only, and doubtless, in the event of the vacation of the highway suggested by the appellant, all would revert to the owner of the fee. The statute allows the condemnation of a full acre, and we are not inclined to ingraft thereon limitations not authorized merely because of possible contingencies.—AFFIRMED.